UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK



GORDON SPRINGS,

                    Plaintiff,

-against-

                    No. 17 Civ. 451 (CM)

THE CITY OF NEW YORK ET AL,

                  Defendants.

## DECISION AND ORDER DENYING THE MOTION TO DISMISS FOR FAILURE TO PROSECUTE

McMahon, J.,

Pending before this court are Plaintiff's retaliation claims against Defendant City of New York ("City") brought pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII"), the New York State Human Rights Law, (the "NYSHRL"), and the New York City Human Rights Law (the "NYCHRL"). *See generally* March 29, 2019, Opinion and Order, Document No. 85 (the "Order").

This case was set for trial on Tuesday, September 20, 2021. On Thursday, September 15, 2021, a jury was selected and then dismissed for the long weekend. However, on Saturday, September 18, 2021, Plaintiff – who had not been vaccinated for COVID-19 – claimed to be exhibiting symptoms of COVID-19. Accordingly, trial was adjourned for one week, to September 28, 2021, and Plaintiff was directed to quarantine. Despite receiving two negative PCR test results during that week, Plaintiff represented on Sunday, September 27, 2021, that he was still sick and could not yet leave his apartment for the trial that was scheduled to commence two days later. As a result, this court declared a mistrial and dismissed the jury.

On January 18, 2022, Defendant the City moved to dismiss Plaintiff's lawsuit pursuant to Rule 41(b), asserting that Plaintiff's "transparent attempt to avoid appearing for the trial" has "led to a significant delay in the resolution of this case," and "blocked court resources, such as courtrooms, trial dates and jury pools, that could have been allocated to other trial ready cases." Dkt. No 164.

For the reasons set forth below, the City's motion is denied.

### Dismissal for Failure to Prosecute is Not Warranted.

Federal Rule of Civil Procedure 41(b) is a discretionary measure that allows courts to dismiss a case with prejudice where the "plaintiff fails to prosecute or to comply with [the Federal Rules of Civil Procedure] or a court order. . . ." Fed. R. Civ. P. 41(b). The Second Circuit has held that dismissal for lack of prosecution is a "harsh remedy" that should "be utilized only in extreme situations." *United States ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 254 (2d Cir. 2004) ("*Drake*").

Under the rubric set out in *Drake*, dismissal is proper if, "in light of the record as a whole," balancing the following factors weighs in favor of dismissal: "(1) the plaintiff's failure to prosecute caused a delay of significant duration; (2) plaintiff was given notice that further delay would result in dismissal; (3) defendant was likely to be prejudiced by further delay; (4) the need to alleviate court calendar congestion was carefully balanced against plaintiff's right to an opportunity for a day in court; and (5) the trial court adequately assessed the efficacy of lesser sanctions." *Id.*

The five *Drake* factors do not counsel in favor of dismissal. Technically, it was not the Plaintiff's failure to prosecute that resulted in a delay in this case; instead, it was Plaintiff's claim of illness. While the court had (and has) its doubts about whether Plaintiff was actually sick, I was not about to risk exposing jurors to COVID-19 or to any other contagious ailment. While of course

2

the City was prejudiced by the delay, that is not enough to warrant dismissal of the action. Nor does the need to alleviate court calendar congestion warrant dismissal – certainly not when balanced against Plaintiff's right to an opportunity for his day in court. Plaintiff was not warned in advance that his case might be dismissed, which also counsels against imposing the extreme remedy of dismissal.

Jury selection in this case has been set for Wednesday, July 6, 2022. This will be Plaintiff's last opportunity to try his case. If he does not seize that opportunity, his case will be dismissed with prejudice. This time, Plaintiff is warned.

The City has moved to adjourn the trial date, due to counsel's travel plans and the possibility of needing to remain out of court upon counsel's return. (Dkt. No. 175). That motion is denied. There will be no adjournment. None. July 6 is the date on which the court is available, and July 6 will be the date on which we pick a jury. Corporation Counsel can assign a new lawyer to try this case if necessary.

The Clerk of Court is respectfully directed to close the motions at Docket Numbers 163 and 175.

It is so ordered.

Dated: April 18, 2022

_____
U.S.D.J.

BY ECF TO ALL COUNSEL